UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOWER COLORADO RIVER AUTHORITY § § § Plaintiff, § § v. § § PAPALOTE CREEK II, LLC § f/k/a PAPALOTE CREEK § WINDFARM II, LLC § § Defendant. § | | Civil Action No. 1:15-cv-656 <br><br> (State Court No.: D-1-GN-15-002592) |

**NOTICE OF REMOVAL**
**BY DEFENDANT PAPALOTE CREEK II, LLC**

Pursuant to 28 U.S.C. §§ 1441 and 1446(a), Defendant Papalote Creek II, LLC ("Papalote"), through its attorneys, hereby give notice of the removal of the above-captioned case pending in the District Court of Travis County, Texas (the "Lawsuit") to the United States District Court for the Western District of Texas (Austin Division). In support of such removal, Papalote states as follows:

**PROCEDURAL STATUS OF THE CASE**

1. On or about June 30, 2015, Plaintiff Lower Colorado River Authority ("LCRA") commenced this action by filing a Petition to Compel Arbitration (the "Petition") in the District Court of Travis County, Texas, styled Cause No. D-1-GN-15-002592; *Lower Colorado River Authority v. Papalote Creek II, LLC f/k/a Papalote Creek Windfarm II, LLC*, 126th Judicial District.

2. The Lawsuit was served on Papalote via citation to its registered agent, CT Corporation System on July 9, 2015.

3. This Notice of Removal is being filed in the office of the Clerk of the United States District Court for the Western District of Texas (Austin Division).

**BASIS FOR FEDERAL COURT ORIGINAL JURISDICTION**

4. Removal of the Lawsuit is proper because complete diversity of citizenship exists between LCRA and Papalote within the meaning of 28 U.S.C. §1332, which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."

5. Plaintiff LCRA is a conservation and reclamation district and a political subdivision of the State of Texas (Petition ¶2.0), and is a citizen of the State of Texas for purposes of 28 U.S.C. §1332.[1]

6. Defendant Papalote is a limited liability company organized under the laws of the State of Delaware. The citizenship of a LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Papalote's sole member is Elevate Holdco Funding, LLC ("Elevate Funding"), a limited liability company organized under the laws of the State of Delaware. Elevate Funding's sole member is Elevate Wind HoldCo, LLC ("Elevate HoldCo"), a limited liability company also organized under the laws of the State of Delaware. Elevate HoldCo's members are: (i) PD Alternative Investments US, Inc. ("PD Investments"), a corporation organized under the laws of the State of Delaware with its principal place of business in Delaware; and (ii) EC&R InvesCo Mgmt, LLC ("EC&R"), a limited liability company organized under the laws of the State of Delaware. EC&R's sole

---

[1] Attached hereto as part of **Exhibit A** is a true and correct copy of the Petition in the State Court Action, which avers plaintiff's citizenship.

NOTICE OF REMOVAL BY
**DEFENDANT PAPALOTE CREEK II, LLC**                                                                         2

member is E.ON Climate & Renewables North America, LLC ("E.ON Climate & Renewables"), a limited liability company organized under the laws of the State of Delaware. E.ON Climate & Renewables' sole member is E.ON US Corporation, a corporation organized under the laws of the State of Delaware with its principal place of business in Delaware. Thus, Papalote is a citizen of the state of Delaware for purposes of 28 U.S.C. §1332. Papalote was not at the time of the commencement of this action, nor has it ever been, a citizen of the State of Texas.

7. Because LCRA is a citizen of the State of Texas and Papalote is a citizen of the state of Delaware, complete diversity exists.

8. Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a); *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). Accordingly, this Court has diversity jurisdiction over this civil action. 28 U.S.C. §§1332 (a)(1), (c)(1).

9. Venue is also proper in this Court pursuant to 28 U.S.C. §1441(a) because the United States District Court for the Western District of Texas is the district and division within which this lawsuit is pending.

## PROPRIETY OF REMOVAL

10. Papalote files this Notice of Removal pursuant to 28 U.S.C. §1441(a), which provides that "any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed" and pursuant to 28 U.S.C. §1446(b), which provides that notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

11. This Court has original jurisdiction of this matter under 28 U.S.C. §1332.

12.     Papalote files this Notice of Removal within thirty (30) days of the receipt of the Petition, in accordance with 28 U.S.C. §1446(b).

13.     Pursuant to 28 U.S.C. §1441(a), Papalote submits with this Notice of Removal copies of all process, pleadings, and orders served in the state court, which are attached hereto as **Exhibit A**.

14.     Pursuant to 28 U.S.C. §1446(a) and (d), Papalote will file a copy of this Notice of Removal with the Clerk of the District Court of Travis County, Texas; will provide prompt notice to all adverse parties; and will file proof of service of all notices and filings with the Clerk of the United States District Court for the Western District of Texas (Austin Division).

## CONCLUSION

WHEREFORE, Papalote hereby gives notice that this action is removed to the United States District Court for the Western District of Texas (Austin Division).

| | |
|---|---|
| August 3, 2015 | By: __/s/ Leslie C. Thorne_____ |

                                              HAYNES AND BOONE, LLP

                                              Leslie C. Thorne
                                              Texas Bar No. 24046974
                                              *Leslie.Thorne@haynesboone.com*
                                              600 Congress Avenue, Suite 1300
                                              Austin, Texas 78701
                                              (512) 867-8400
                                              (512) 867-8470 (Facsimile)

                                              Benjamin L. Mesches
                                              Texas Bar No. 24032737
                                              *Ben.Mesches@haynesboone.com*
                                              Jason N. Jordan
                                              Texas Bar No. 24078760
                                              *Jason.Jordan@haynesboone.com*
                                              2323 Victory Avenue, Suite 700
                                              Dallas, Texas 75219
                                              (214) 651-5000
                                              (214) 651-5940 (Facsimile)

                                              **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on August 3, 2015.

Robert B. Neblett III
Breck Harrison
Jackson Walker LLP
100 Congress Avenue, Suite 1100
Austin, Texas 78701
***Counsel for Lower Colorado***
***River Authority, Plaintiff***

                                               */s/ Leslie C. Thorne*_____
                                               Leslie C. Thorne

15239769_4