IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 APR 22   AM 9: 49

LOWER COLORADO RIVER AUTHORITY,
**Plaintiff,**

-vs-                                                           Case No.  A-15-CA-656-SS

PAPALOTE CREEK II, LLC f/k/a Papalote
Creek Wind Farm II, LLC,
**Defendant.**

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Papalote Creek II, LLC f/k/a Papalote Creek Wind Farm II, LLC's Motion to Stay Arbitration Pending Appeal [#44], Plaintiff Lower Colorado River Authority's Response [#44] thereto, and Defendant's Reply [#50] in support.  Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

Plaintiff Lower Colorado River Authority (LCRA), a conservation district and political subdivision of the State of Texas, brought this action against Defendant Papalote Creek II, LLC (Papalote), a wind energy company, seeking to compel Papalote to arbitrate a contract dispute.  By order dated February 24, 2016, the Court granted LCRA's motion to compel arbitration, finding the dispute articulated by LCRA fell within the scope of the parties' valid agreement to arbitrate.

After making that finding, the Court noted that "although neither party expressly identified ripeness as a legal constraint external to the parties' agreement that foreclose[d] the arbitration of



LCRA's claim," ripeness questions "plainly loom[ed], as neither party is presently in breach[.]" Order of Feb. 24, 2016 [#41] at 10.  The Court concluded any ripeness issues the parties wished to raise would be left for the arbitrator, "[g]iven the parties' failure to brief ripeness at all and to adequately brief the question whether ripeness should be decided by the courts or the arbitrators." *Id.*  The Court granted LCRA's motion to compel arbitration and, that same day, entered final judgment in favor of LCRA, as its live pleading sought only to compel Papalote to arbitrate. *See id.* at 10–11; J. [#42].

On March 23, 2016, Papalote filed its motion seeking a stay of the arbitration pending appeal to the Fifth Circuit of the Court's decision compelling arbitration.  LCRA responded on April 8, 2016.  The motion is now ripe for decision.

## Analysis

### I.      Legal Standard

Because an order compelling arbitration is injunctive relief, a party may move to stay enforcement of the injunction while an appeal from the final judgment (or interlocutory order) granting relief is pending. *See* FED. R. CIV. P. 62(c).  A stay, however, "'is an intrusion into the ordinary processes of administration and judicial review' and a party is not entitled to a stay as a matter of right." *Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)).  In determining whether to grant a stay pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Veasy v. Perry*, 769 F.3d 890, 892

(5th Cir. 2014)). These factors should not be applied, however, "in a rigid or mechanical fashion." *Id.* (quoting *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983)). Moreover, the movant "need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *Id.*

## II.  Application

Although Papalote failed to brief the question whether ripeness was an issue for the Court or for the arbitrator to decide, *see* Resp. Mot. Compel [#20] at 16–17 (stating, without citation to authority, that "Papalote is not asking the Court to resolve the Motion based on issues that are for an arbitrator to decide"), and gave cursory treatment to the question of ripeness itself, *see id.* (stating no binding authority would *prevent* a finding the dispute was not ripe and citing the "basic rationale" underlying the ripeness principle), Papalote now asks this Court to stay arbitration pending the outcome of its appeal on ripeness grounds. As set forth below, the Court finds the request for stay should be denied.

First, as the Court noted in its order granting the motion to compel arbitration, the parties are free to raise the ripeness issue before the arbitrator. Ripeness may be determined at the threshold in that forum, just as it would be determined at the threshold in this forum. Thus, a stay of the arbitration pending appeal would merely result in delaying the resolution of the ripeness question. Consequently, the Court is unconvinced by Papalote's claim irreparable harm will result absent a stay because "[f]orcing the parties to litigate the meaning of Section 9.3 . . . could trigger a waterfall of events with enormous practical consequences." Mot. Stay [#44] at 6. If the arbitrator finds the dispute unripe, it need progress no further.

Second, Papalote has not shown it is likely to succeed on the merits of its claim.  Not only does Papalote's motion still lack analysis of the question whether the dispute *is in fact ripe*, but also the weight of authority on the topic states ripeness is a question for the arbitrator to decide.[1]  *See Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 210 (S.D. Tex. 2008) ("[Q]uestions of the ripeness of the underlying disputes . . . ultimately may be determined by the arbitrators."); *Transp. Workers Union of Am. v. Veolia Transp. Servs., Inc.*, 24 F. Supp. 3d 223, 229–30 (E.D.N.Y. 2014) (finding ripeness of dispute an "issue[] for the arbitrator to decide, not the Court"); *Milliman, Inc. v. Health Medicare Ultra, Inc.*, 641 F. Supp. 2d 113, 119 (D.P.R. 2009) ("Whether the alleged dispute that led Petitioners to commence arbitration proceedings before the AAA is ripe must ultimately be determined by the arbitrator."); *Grant v. Brown*, No. 4:14CV01395 ERW, 2014 WL 6389577, at *2 (E.D. Mo. Nov. 14, 2014) ("Issues that are conditions precedent to arbitrability and other prerequisites such as time limits, notice, laches, and estoppel are for the arbitrators to decide.  The arbitrator must ultimately decide whether the dispute is ripe for arbitration." (citation omitted)); *Local Union No. 13417 of the United Steel Workers v. Kan. Gas Serv. Co.*, No. 12-1003-JWL, 2012 WL 1435305, at *7 (D. Kan. Apr. 25, 2012) ("To the extent the Company is suggesting that the Union's grievance is not ripe, that question is left to the arbitrator."); *Albritton v. W.S. Badcock Corp.*, Nos. 1:02-CV378-D-D, 1:02-CV379-D-D, 2003 WL 21018636, at *4 (N.D. Miss. Apr. 7, 2003) ("[P]rocedural questions such as ripeness are for an arbitrator, not for the court, to decide." (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002))).

---

[1] Papalote marshals virtually no argument regarding the Court's finding the parties' dispute falls within the scope of the arbitration clause, only "further submit[ting] that it will succeed on appeal" regarding that claim.  Mot. Stay [#44] at 4–5.

To the extent these decisions are in tension with *Tittle v. Enron Corp.*, 463 F.3d 410 (5th Cir. 2006)—which did not directly address the question whether ripeness should be decided by the arbitrator or by the Court—that tension does not warrant a stay pending appeal. Further, the Court acknowledges both that there is ample room for disagreement on the question whether courts or arbitrators should decide ripeness issues and that the contours of the question remain, despite the authority cited above, somewhat unexplored. As the Seventh Circuit has noted in dicta:

> As an abstract matter, there may be some room for doubt whether it is the role of the court to determine if a live "controversy" or "disagreement" exists between the parties, in the sense in which those terms are employed in an arbitration clause. . . . [T]here is authority that the court should inquire only whether the subject matter of a dispute is within the arbitration clause, leaving the arguably procedural issue of "ripeness" to the arbitrator. Whether parties have assumed a position of concrete adversity, so that the issues are effective and vigorously presented to the arbitrator, might be the sort of procedural issue which is properly left for the arbitrator's decision. Fortunately, we need not address the perhaps difficult question of where this "ripeness" issue falls on the substantive/procedural continuum.

*Chi. Typographical Union No. 16 v. Chi. Sun-Times, Inc.*, 860 F.2d 1420, 1425 (7th Cir. 1988) (further noting, with citation to two Supreme Court decisions, that "[d]rawing a principled distinction between 'substance' and 'procedure' is an intractable problem, and one which has confounded many able judges"). That there is room for disagreement, however, does not affect the Court's conclusion that a stay is not warranted in this case.

Finally, the Court finds the parties' arguments regarding harm to LCRA and the public interest to have minimal to no impact on the analysis. LCRA argues it will be harmed by a stay because, in effect, it wants a resolution of this dispute to occur quickly, *see* Resp. [#47] at 9–10, and Papalote claims the public interest favors a stay because of the public's interest in the efficient resolution of disputes. Neither argument is particularly persuasive or impactful.

**Conclusion**

In sum, the Court finds a stay of its judgment compelling to the parties to arbitration is not appropriate, as Papalote has failed to "make a strong showing that [it] is likely to succeed on the merits" or will be "irreparably injured absent a stay," *Bryant*, 773 F.3d at 57, and the remaining factors have little to no impact on the analysis.

Accordingly,

IT IS ORDERED that Defendant Papalote Creek II, LLC f/k/a Papalote Creek Wind Farm II, LLC's Motion to Stay Arbitration Pending Appeal [#44] is DENIED.

SIGNED this the 22 day of April 2016.


*Sam Sparks*

SAM SPARKS
UNITED STATES DISTRICT JUDGE